UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DEBORAH SMITH, | ) |
|                Plaintiff, | ) |
|                v. | ) No. 4:22-cv-00117-TWP-DML |
| ROBERT B. NEWMAN, and<br>LISA T. MEEKS, | ) |
|              Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court for screening. On September 8, 2022, *pro se* Plaintiff Deborah Smith ("Plaintiff") initiated this civil action by filing her fill-in-the-blank Complaint for a Civil Action against Defendants Robert B. Newman and Lisa T. Meeks (collectively, "Defendants") (Filing No. 1).

**I.    Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e) (2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## II. Plaintiff's Complaint

On her fill-in-the-blank Complaint for a Civil Action, *pro se* Plaintiff checked the box for "Federal question" as the basis for federal court jurisdiction (Filing No. 1 at 2). She alleges that she is a citizen of the State of Ohio, and she also alleges that the Defendants are citizens of the State of Ohio. *Id.* at 3–4. Plaintiff then alleges that she was represented by the Defendants in a civil lawsuit arising from events that occurred around January 2005. While the Defendants were representing the Plaintiff, they made her believe that her personal claim needed to be part of a class action lawsuit. The lawsuit eventually ended with an award of $321,000.00. Plaintiff's written agreement with the Defendants called for Plaintiff to receive one-third of any award. Plaintiff alleges that she was supposed to receive $101,000.00 of the class settlement, yet she was only awarded $51,500.00, and the Defendants have failed to give Plaintiff the remaining amount. Plaintiff asks that she be awarded $153,500.00 in this lawsuit. *Id.* at 5.

## III. Dismissal of Plaintiff's Complaint

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may

stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Plaintiff's claims. It appears from the Complaint that Plaintiff is bringing a state law claim for breach of contract or possibly fraud or legal malpractice. Plaintiff has not pled any facts to allege a violation of federal law to give rise to federal question jurisdiction in this Court. While her Complaint appears to assert a state law claim, Plaintiff also has alleged that the state citizenship of all the parties is Ohio, which would not support diversity jurisdiction. Federal jurisdiction exists where the controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). Because the parties are citizens of the same state, the Complaint is subject to dismissal for lack of subject-matter jurisdiction. State law claims between citizens of the same state are properly brought in state court rather than federal court.

### IV. Opportunity to Show Cause

Plaintiff shall have through **Friday, October 28, 2022**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, she should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal

4

Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file an amended complaint by no later than **Friday, October 28, 2022**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date:   10/3/2022

*[Signature]*
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Deborah Smith
701 Van Roberts Place
Wyoming, OH 45215

Robert B. Newman
NEWMAN & MEEKS
robertnewman@newman-meeks.com